IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MACNEIL AUTOMOTIVE PRODUCTS LIMITED, an Illinois Limited Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) ) | |
| FH GROUP INTERNATIONAL INC., a New Jersey corporation, GROUPON GOODS, INC., a Delaware Corporation, | ) ) ) ) ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff MacNeil Automotive Products Limited ("MacNeil"), by and through its undersigned counsel, and for its Complaint against Defendants, FH Group International Inc. ("FH Group") and Groupon Goods, Inc. ("Groupon") (collectively "Defendants") alleges as follows:

### Nature of the Action

1. This is an action against Defendants for patent infringement.

### Parties

2. MacNeil is an Illinois limited liability company with a principal place of business located at 1 MacNeil Court, Bolingbrook, Illinois.

3. Upon information and belief, Defendant FH Group is a New Jersey corporation with its principal place of business located in Secaucus, NJ.

4. Upon information and belief, Defendant Groupon Goods is a Delaware corporation with its principal place of business located in Chicago, Illinois.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338 because MacNeil's claims arise under the laws of the United States.

6. This Court has personal jurisdiction over Defendants because they transact business in this District by, on information and belief, offering for sale and selling products, including the Infringing Products, to customers in this district.

7. Venue is proper in this District under 28 U.S.C §1391(b) and (d) and §1400(b) because Defendants are subject to personal jurisdiction in, do business in and have committed acts of infringement in this District and, on information and belief have systemic and continuous business connections and contacts with this District.

## Factual Background

8. On December 20, 2011, the United States Patent and Trademark Office granted U.S. Patent No. 8,080,302 ("the '302 Patent") entitled All Vehicle Mats and naming Quinn Gifford, Judd C. Kaufman, Scott A. Vargo, Allan R. Thom, Frederick W. Masanek Jr. and David F. MacNeil as the inventors. A true and accurate copy of this valid and duly issued '302 Patent is attached as Exhibit 1.

9. On June 4, 2013, the United States Patent and Trademark Office granted U.S. Patent No. 8,455,078 ("the '078 Patent") entitled All Vehicle Mats and naming Quinn Gifford, Judd C. Kaufman, Scott A. Vargo, Allan R. Thom, Frederick W. Masanek Jr. and David F. MacNeil as the inventors. A true and accurate copy of this valid and duly issued '078 Patent is attached as Exhibit 2.

10. On April 1, 2014, the United States Patent and Trademark Office granted U.S. Patent No. 8,685,516 ("the '516 Patent") (with the '302 Patent and '078 Patent collectively "Subject Patents") entitled All Vehicle Mats and naming Quinn Gifford, Judd C. Kaufman, Scott A. Vargo, Allan R. Thom, Frederick W. Masanek Jr. and David F. MacNeil as the inventors. A true and accurate copy of this valid and duly issued '516 Patent is attached as Exhibit 3.

11. MacNeil is the exclusive licensee of with regard to the Subject Patents.

12. Upon information and belief, FH Group manufactures "Premium Rubber Trimmable All Weather Floor Mats" (hereinafter, the "Infringing Products") and offer for sale and sell the Infringing Products to their distributors, resellers, and end-users.

13. Upon information and belief, Groupon Goods sells, offers to sell and aids and abets others to sell and offer to sell the Infringing Products.

## **COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,080,302**

14. MacNeil restates and realleges Paragraphs 1 through 13 as if fully set forth herein.

15. Upon information and belief, without the consent of MacNeil, Defendants have made, sold and/or offered for sale the Infringing Products which directly infringe, either literally or through the doctrine of equivalents, at least one claim of the '302 Patent. A true and accurate copy of a Groupon invoice for the Infringing Products is attached as Exhibit 4.

16. Upon information and belief, without the consent of MacNeil, Defendants have committed acts that constitute inducement of infringement of at least one claim of the '302 Patent by others through their acts of making, selling and/or offering for sale the Infringing Products.

17. As a direct and proximate result of Defendants' direct infringement and/or inducement to infringe the '302 Patent, MacNeil has suffered and will continue to suffer

irreparable injury, and damages in an amount not yet determined, for which MacNeil is entitled to relief.

18. Upon information and belief, Defendants' direct infringement, indirect infringement and/or inducement to infringe the '302 Patent has been and continues to be willful and deliberate.

19. WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

    A.    Enter judgment that Defendants have directly infringed the '302 Patent;

    B.    Enter judgment that Defendants have induced others to infringe the '302 Patent;

    C.    Enter judgment that Defendants have willfully infringed the '302 Patent;

    D.    Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

    E.    Enter a permanent injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants from any further sales of the Infringing Products and any other infringement of the '302 Patent, whether direct or indirect;

    F.    Enter judgment ordering Defendants to compensate MacNeil for Defendants' infringement of the '302 Patent pursuant to 35 U.S.C. § 284;

    G.    Enter a judgment ordering Defendants to pay enhanced damages pursuant to 35 U.S.C. § 284;

    H.    Enter a judgment for an award of pre-judgment and post-judgment interest and costs to MacNeil pursuant to 35 U.S.C. § 284;

  I. Enter a judgment for an award of MacNeil's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

  J. Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants, from offering for sale or selling the Infringing Products, and requiring destruction of all molds and tooling related to the Infringing Products; and

  K. Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,455,078

  20. MacNeil restates and realleges Paragraphs 1 through 13 as if fully set forth herein.

  21. Upon information and belief, without the consent of MacNeil, Defendants have made, sold and/or offered for sale the Infringing Products which directly infringe, either literally or through the doctrine of equivalents, at least one claim of the '078 Patent. A true and accurate copy of a Groupon invoice for the Infringing Products is attached as Exhibit 4.

  22. Upon information and belief, without the consent of MacNeil, Defendants have committed acts that constitute inducement of infringement of at least one claim of the '078 Patent by others through their acts of making, selling and/or offering for sale the Infringing Products.

  23. As a direct and proximate result of Defendants' direct infringement and/or inducement to infringe the '078 Patent, MacNeil has suffered and will continue to suffer irreparable injury, and damages in an amount not yet determined, for which MacNeil is entitled to relief.

24. Upon information and belief, Defendants' direct infringement, indirect infringement and/or inducement to infringe the '078 Patent has been and continues to be willful and deliberate.

25. WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter judgment that Defendants have directly infringed the '078 Patent;

B. Enter judgment that Defendants have induced others to infringe the '078 Patent;

C. Enter judgment that Defendants have willfully infringed the '078 Patent;

D. Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

E. Enter a permanent injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants from any further sales of the Infringing Products and any other infringement of the '078 Patent, whether direct or indirect;

F. Enter judgment ordering Defendants to compensate MacNeil for Defendants' infringement of the ''078 Patent pursuant to 35 U.S.C. § 284;

G. Enter a judgment ordering Defendants to pay enhanced damages pursuant to 35 U.S.C. § 284;

H. Enter a judgment for an award of pre-judgment and post-judgment interest and costs to MacNeil pursuant to 35 U.S.C. § 284;

I. Enter a judgment for an award of MacNeil's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J. Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants, from offering for sale or selling the Infringing Products, and requiring destruction of all molds and tooling related to the Infringing Products; and

K. Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,685,516

26. MacNeil restates and realleges Paragraphs 1 through 13 as if fully set forth herein.

27. Upon information and belief, without the consent of MacNeil, Defendants have made, sold and/or offered for sale the Infringing Products which directly infringes, either literally or through the doctrine of equivalents, at least one claim of the '516 Patent. A true and accurate copy of a Groupon invoice for the Infringing Products is attached as Exhibit 4.

28. Upon information and belief, without the consent of MacNeil, Defendants have committed acts that constitute inducement of infringement of at least one claim of the '516 Patent by others through their acts of making, selling and/or offering for sale the Infringing Products.

29. As a direct and proximate result of Defendants' direct infringement and/or inducement to infringe the '516 Patent, MacNeil has suffered and will continue to suffer irreparable injury, and damages in an amount not yet determined, for which MacNeil is entitled to relief.

30. Upon information and belief, Defendants' direct infringement, indirect infringement and/or inducement to infringe the '516 Patent has been and continues to be willful and deliberate.

31. WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

    A.    Enter judgment that Defendants have directly infringed the '516 Patent;

    B.    Enter judgment that Defendants have induced others to infringe the '516 Patent;

    C.    Enter judgment that Defendants have willfully infringed the '516 Patent;

    D.    Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

    E.    Enter a permanent injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants from any further sales of the Infringing Products and any other infringement of the '516 Patent, whether direct or indirect;

    F.    Enter judgment ordering Defendants to compensate MacNeil for Defendants' infringement of the '516 Patent pursuant to 35 U.S.C. § 284;

    G.    Enter a judgment ordering Defendants to pay enhanced damages pursuant to 35 U.S.C. § 284;

    H.    Enter a judgment for an award of pre-judgment and post-judgment interest and costs to MacNeil pursuant to 35 U.S.C. § 284;

    I.    Enter a judgment for an award of MacNeil's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J.     Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants, from offering for sale or selling the Infringing Products, and requiring destruction of all molds and tooling related to the Infringing Products; and

K.     Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

MacNeil demands a trial by jury on all issues so triable.

Respectfully submitted,

MACNEIL AUTOMOTIVE PRODUCTS LTD.

Dated: August 24, 2015    By:    /s/ Robert S. Grabemann
                                    One of Its Attorneys

Robert S. Grabemann
*rgrabemann@daspinaument.com*
Timothy M. Schaum
*tschaum@daspinaument.com*
DASPIN & AUMENT, LLP
227 West Monroe
Suite 3500
Chicago, Illinois 60606
(312)258-1600